

# NUMBER 13-26-00541-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE LAURA DE LEON

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

### Before Chief Justice Tijerina and Justices Silva and Cron
### Memorandum Opinion by Justice Cron[1]

By petition for writ of mandamus, relator Laura De Leon asserts that the trial court abused its discretion by: (1) issuing an order against Maria Christina Nieto when Nieto was not represented by counsel at a hearing; (2) issuing an order against Nieto on the day that she was served with citation; and (3) issuing an order against relator and Nieto when a motion had not been set for hearing and without three days' notice of a hearing.

---

[1] See TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); id. R. 47.4 (distinguishing opinions and memorandum opinions).

"Mandamus is an 'extraordinary remedy' that is 'available only in limited circumstances.'" *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (quoting *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018)). "A writ of mandamus is available to correct a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding). "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the responses filed by Nieto and real party in interest Desi De Leon, the record, and the applicable law, is of the opinion that relator has not met her burden to obtain relief. Accordingly, we deny relator's request for temporary relief, which we previously ordered to be carried with the case. *See* TEX. R. APP. P. 52.10(b). We deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
31st day of July, 2026.